CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 20 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL AKOS MORVA,** <br> Plaintiff, | Civil Action No. 7:09-cv-00515 |
| v. | **MEMORANDUM OPINION** |
| **SHERIFF OCTAVIA JOHNSON, et al.,** <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Michael Akos Morva, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants the Roanoke City Jail ("Jail"), the City of Roanoke, and the Commonwealth of Virginia. Plaintiff alleges two claims in his complaint that are related to his incarceration at the Jail. The first claim alleges that correctional officers, while under the Sheriff's supervision, exercised excessive force and cruel and unusual punishment on December 22, 2007.[1] ("Claim One") The second claim alleges that the Jail's doctor exhibited deliberate indifference to his serious medical needs between 2006 and 2008. ("Claim Two") Plaintiff's untreated serious medical needs allegedly were chronic neck and jaw pain, chronic headaches, and hypertension. Plaintiff seeks only compensatory damages.

The court conditionally filed the action, advised plaintiff that he failed to state a claim upon which relief may be granted, and directed him to amend the complaint. The court also advised plaintiff that, if accepted, the amended complaint will supplant his prior submissions. Plaintiff responded by filing an amended complaint followed by two motions to amend the amended complaint. Plaintiff also filed several miscellaneous motions that I will also address in this memorandum opinion and order.

---

[1]Plaintiff avers he signed his complaint on December 15, 2009, and his envelope bears a United States Postal Service date stamp of December 21, 2009.

I.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so with the opposing party's written consent or my leave.[2] I should freely give leave when justice so requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991).

However, I must also consider the more specific joinder provisions of Rules 19(a) and 20(a) when a plaintiff files a motion to amend that seeks to join additional defendants. Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 618 (4th Cir. 2001). See Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993) ("Although Rule 15(a) generally permits the plaintiff to amend his complaint once as a matter of course before a responsive pleading is served, . . . [a] plaintiff's requested amendment require[s] leave from the court" when it seeks "to assert claims against additional defendants."). The proposed additional defendants must have a right to relief asserted against them, "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims must share some "question of law or fact common

---

[2]The complaint has not yet been served upon the defendants.

2

to" all of the defendants. Fed. R. Civ. P. 20(a)(2).

Plaintiff names the Roanoke City Jail, the City of Roanoke, and the Commonwealth of Virginia as the defendants to this action. As to plaintiff's first claim, plaintiff seeks to join Sheriff Octavia Johnson, Sergeant Watkins, Deputy Young, Deputy Howard, and Deputy Cunningham. As to plaintiff's second claim, plaintiff seeks to join Doctor Berdine. Plaintiff's amended complaint and motions to amend describe relevant factual allegations about his two separate claims.

I accept plaintiff's first amended complaint naming individuals as defendants and consider it as supplanting plaintiff's prior submissions. Furthermore, plaintiff's motions to amend the complaint are granted as they relate to the facts alleged in the amended complaint about Claim One. However, pursuant to Rule 21 of the Federal Rules of Civil Procedure, I decline to join Doctor Berdine and sever plaintiff's second claim from this action because this defendant and claim do not arise out of same nucleus of operative facts and are not based on the same factual predicate found in the rest of the amended complaint. The only connection between the events and defendants of claim one versus claim two is that the claims allegedly arose within the same Jail. Thus, plaintiff's amended complaint does not establish a link between the two claims to make it appropriate to hear both claims in one action. Accordingly, I dismiss without prejudice Claim Two and decline to join Dr. Berdine as a defendant.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Despite filing the amended complaint, plaintiff continues to name the Jail and the

Commonwealth of Virginia as defendants. However, neither of these defendants is a "person" subject to suit under § 1983. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-99 (1984) (stating the Eleventh Amendment bars a suit against a state unless Congress specifically so provides or the state consents to such suit); McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. Apr. 13, 1992) (reasoning a local jail is part of the Commonwealth of Virginia and is not a "person" for a § 1983 action). Accordingly, I terminate the Jail and the Commonwealth of Virginia as defendants.

Plaintiff continues to name the City of Roanoke as a defendant in his amended complaint. However, a municipality is only liable for the constitutional torts of an officer if the tort was committed pursuant to a municipal policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). In accordance with Virginia law, the Sheriff, not the City of Roanoke, sets policy for the Sheriff's Office. See Strickler v. Waters, 989 F.2d 1375, 1390 (4th Cir. 1993) (a Virginia city is not liable for § 1983 claims arising from the Sheriff's administration of its jail). Furthermore, the Sheriff, a state constitutional officer, does not act on behalf of the City of Roanoke. See id. Thus, the Sheriff and members of the Sheriff's Office can not be said to have acted pursuant to policies of the City of Roanoke. Accordingly, I also terminate the City of Roanoke as a defendant.

II.

Plaintiff filed a "motion for inclusion or prior exhibits and other motions" subsequent to his amended complaint, two motions to compel, and a motion for a subpoena. In his "motion for inclusion," plaintiff asks the court to consider his motions and evidence filed before he filed the amended complaint. Plaintiff's concern is that I will not review his prior submissions that

4

accompanied his original complaint. In an abundance of caution, I grant the request as it relates to claim one and deny the request as moot regarding claim two.

In his first motion to compel, plaintiff requests that the Jail, the Department of Veterans Affairs, and his present correctional facility release his medical records and that the Governor of Virginia testify on his behalf. In his second motion to compel, plaintiff requests an order to produce Jail records to support Claim One. In his motion for a subpoena, plaintiff requests the testimony of two prior Jail inmates who also previously sued the Jail in federal court. Plaintiff believes these prior inmates would testify on his behalf about their experiences in the Jail. I construe these motions as requests for discovery, which is presently premature. Accordingly, I deny these motions without prejudice.

### III.

Based on the foregoing, plaintiff's amended complaint is accepted, the defendants are added and terminated as appropriate, Claim Two is dismissed without prejudice, plaintiff's motions to amend are granted in part, plaintiff's motion for inclusion is granted in part, and plaintiff's motions for discovery are denied without prejudice. Inasmuch as plaintiff completed the requirements to proceed in forma pauperis, the Clerk shall serve the complaint upon the defendants and collect the filing fee from plaintiff's inmate trust account. A separate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 26th day of April, 2010.

/s/ Signature
Senior United States District Judge